# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-02402    BKT** |
| **MORAYMA ROSAS GARCIA** | **Chapter  7** |
| | **Adversary No.  17-00076** |
| **Debtor(s)** | |
| **WILFREDO SEGARRA MIRANDA** | |
| **Plaintiff** | |
| **vs.** | |
| **BANCO POPULAR DE PUERTO RICO; MORAYMA ROSAS GARCIA** | |
| **Defendant(s)** | **FILED & ENTERED ON 04/24/2018** |

## OPINION & ORDER

Before the court is the *Motion for Summary Judgment* [Dkt. No. 14] and *Statement of Uncontested Facts* [Dkt. No. 15] filed by Plaintiff/ Chapter 7 Trustee, Wilfredo Segarra Miranda, (hereinafter "Plaintiff" or "Trustee"), and Defendant Banco Popular de Puerto Rico's ("Defendant") *Reply to Plaintiff's Motion for Summary Judgment* [Dkt. No. 21]. For the reasons stated herein, the Plaintiff's *Motion for Summary Judgment* is hereby DENIED.

**Factual and Procedural Background**

The following facts are uncontested pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Civil Rules for the U.S. District Court for the District of Puerto Rico, made applicable to these proceedings by Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure:

1. On August 15, 2004, Morayma Rosas Garcia (the "Debtor") acquired certain residential property located at Cond. Prados de Cupey, Trujillo Alto, Puerto Rico for $185,000.00 [Dkt. No. 15].

2. On February 26, 2009, Debtor entered a Loan Agreement (hereinafter "Loan") with Defendant in the amount of $198,412.00 and executed a Mortgage Deed securing the Mortgage Note in favor of Defendant. [Dkt. No. 15].

3. On March 31, 2015, Debtor filed a voluntary bankruptcy petition under Chapter 7 of Bankruptcy Code. [Dkt. No. 1, in related legal case 15-02402.] Debtor valued the property at $156,000.00 on her bankruptcy schedules and listed the Loan as a secured claim by Defendant in the amount of $188,530.36. [Dkt. No. 1 at pg. 7, in related legal case 15-2402].

4. On April 30, 2015, Defendant filed an unsecured claim in the amount of $188,330.22. [Dkt. No. 15 at pg. 3].

5. On May 5, 2015, Debtor filed an amended Schedule C claiming as exempt from property of the estate the amount of $12,710.07 pursuant to 11 U.S.C. § 522(d)(5). [Dkt. No. 21, in related legal case 15-2402].

On March 20, 2017, Plaintiff filed an adversary proceeding against Debtor and Defendant [Dkt. No. 1], followed by the filing of the captioned *Motion for Summary Judgment* on November 29, 2017. Plaintiff seeks summary judgment pursuant to Fed. R. Civ. P. Rule 56(c) and prays for: (1) avoidance of Defendant's unperfected lien over Debtor's property pursuant to 11 U.S.C. § 544, (2)

automatic preservation of the avoided lien pursuant to 11 U.S.C. § 551, and, (3) declaratory judgment to the effect that 11 U.S.C. § 363 empowers Plaintiff to sell Debtor's property and that the bankruptcy estate is entitled to the full value of the preserved lien thus bypassing Debtor's § 522(d)(5) exemption.

On December 23, 2017, Defendant filed its *Reply to Plaintiff's Motion for Summary Judgment* where it agreed with Plaintiff's Statement of Uncontested Facts but questioned the legal basis of Plaintiff's argument and its entitlement to relief.

**Standard for Motion for Summary Judgment**

Fed. R. Bankr. P. 7056 incorporates the standards of Fed. R. Civ. P. Rule 56(c) to bankruptcy proceedings. Canzano v. Ragosa (In re Colarusso), 382 F.3d 51, 58 (1st Cir. 2004). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law. Borges v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). "The moving party bears the initial burden of informing the trial court of the basis for his motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that demonstrate the absence of any genuine issue of material fact." Id. at 5. (1st Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). A fact is deemed "material" if it could potentially affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a material fact, "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary

judgment, could resolve the dispute in that party's favor." Id. at 4.

The moving party also bears the burden of proving entitlement to judgment as a matter of law. "An assertion of entitlement to judgment as a matter of law may fail, even in the absence of a genuine dispute as to any material fact, if the controlling law does not, on the set of undisputed facts in question, dictate the outcome of the claim or defense." 11 James Wm. Moore et al., Moore's Federal Practice §56.21 (2017). Thus, courts are not relieved of their duty to decide whether the moving party is entitled to judgment as a matter of law. Accordingly, "the district court is [] obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006) (citing Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir.1992)).

**Legal Analysis**

The court is asked to determine (1) whether under sections 544 and 551 of the Bankruptcy Code, Plaintiff may avoid and preserve a mortgage lien where the creditor failed to present and properly record the executed mortgage deed as required by local law, and (2) whether pursuant to Trustee's rights under section 363 of the Bankruptcy Code, Plaintiff may sell the Debtor's property and bypass Debtor's § 522 claimed exemption. The court will address each question in turn.

**I.   11 U.S.C. §§ 544, 551**

Plaintiff's first argument is to the effect that under section 544 it may invalidate Defendant's

security interest over Debtor's property and preserve the same pursuant to section 551. However, Plaintiff's argument assumes that Defendant *has* a mortgage lien—albeit an allegedly "unperfected" lien—encumbering Debtor's property. On the record as presented, Defendant did not have a lien at the time of the filing of the petition.

This conclusion follows from the fact that "property interests are created and defined by state law, and unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Stern v. Marshall, 564 U.S. 462, 495 (2011) (citing Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451 (2007) (internal quotations omitted). See also 229 Main St. Ltd. Pshp. v. Mass. EPA, 262 F.3d 1, 6 (1st Cir. 2001) ("property interests are created and defined by state law[.]"). In Puerto Rico, the requisites, nature, and effect of mortgages are set forth in the Commonwealth's Civil Code and mortgage law. Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 118 (1st Cir. 2011). Puerto Rico law requires that the mortgage deed be recorded at the Property Registry for the mortgage to be properly constituted and valid. See P.R. Laws Ann. tit. 31, § 5042 ("*it is indispensable, in order that the mortgage may be validly constituted*, that the instrument in which it is created be entered in the registry of property." (emphasis ours)); P.R. Laws Ann. tit. 30, § 6084 ("[i]n order for voluntary mortgages to be validly *constituted*, it is required: (1) that they be stipulated in a deed; (2) that the document be recorded in the Property Registry." (emphasis ours)).

Known as the constitutive effect of recordation the effects of these statutes has long been recognized and affirmed by the First Circuit Court of Appeals on multiple occasions. See, e.g., Soto-Rios, 662 F.3d (holding that "under Puerto Rico law recording is a 'constitutive' act for a mortgage, and without the existence of a mortgage, a creditor only has an unsecured personal obligation regarding the underlying debt."); Roig Commercial Bank v. Dueño, 617 F.Supp. 913, 915 (1985) (holding that "plaintiff['s] promissory note was personal property, but . . . [never] became "an interest [in the real property] [since] [f]ailure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, [and] solely enforceable against the maker.") See also Rosario Pérez v. Registrador, 115 D.P.R. 491 (1984).

Application of this bedrock principle of Puerto Rico mortgage law to the facts of this case compels the court to conclude that at the time the petition was filed no mortgage lien existed and Defendant held an unsecured personal obligation regarding the underlying debt. Defendant's filing of an unsecured claim against Debtor confirms this. Since no security interest was ever properly constituted, there is nothing for the Trustee to avoid pursuant to section 544. And because there is no underlying lien, there is nothing for Trustee to preserve pursuant to  section 551. Thus, the only shoes Plaintiff may step into are those of a creditor who, under local law, failed to constitute a mortgage.

Plaintiff cites no legal authority that would lead this court to a different conclusion. Plaintiff relies on case law from common law jurisdictions where the act of recordation merely has declarative

effect vis-à-vis third parties. This completely ignores the deep-rooted principle of the constitutive effect of recordation for the existence of mortgage liens in Puerto Rico. Again, the Trustee's avoidance powers operate in the event that something exists that can be voided or invalidated and, subsequently, preserved. In Puerto Rico, the failure to record a mortgage deed means the lien is non-existent. There being nothing for the avoidance powers to invalidate, plaintiff may not rely on the Bankruptcy Code's strong arm powers to avoid and preserve a mortgage lien.

## II. 11 U.S.C. §363

As to whether or not Plaintiff, under the established framework, may nonetheless use its § 363 core powers to sell the Debtor's property and avoid the latter's claimed exemption, two observations are in order. First, pursuant to Bankruptcy Code § 541, all of the Debtor's legal and/or equitable interest in the property in question was automatically acquired by the estate in bankruptcy at the time the petition was filed. In re Barroso-Herrans, 524 F.3d 341, 344 (1st Cir. 2008) ("When an individual files for bankruptcy, all of his property . . . becomes property of the estate."). However, the Bankruptcy Code allows debtors to remove from the estate certain property interests based on recognized federal or state exemptions. See 11 U.S.C. § 522. "Absent objection to a claimed exemption within thirty days of the creditors meeting, the property claimed as exempt belongs to the debtor and not the estate-even if the exemption was improper." In re Barroso-Herrans, 524 F.3d at 344 (citing Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992)). The result is that a "debtor's declared homestead exemption is insulated from conveyance, sale, or levy to help satisfy the debtor's

debts in bankruptcy, with the exception of (as relevant here) a debt secured by a lien on the property, such as a mortgage." DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19, 24 (1st Cir. 2014). Second, although § 363 vests the Trustee with the right to "use, *sell*, or lease . . . *property of the estate*[,]" "[b]ecause a debtor's exempted property interests are effectively removed from the estate[] . . . §363 does not empower the trustee to sell exempted interests." Id. at 24 (internal citation omitted).

In the case at bar, the Debtor's interest in the real property is part of the bankruptcy estate and to the extent that it has value in an amount exceeding any secured claims and the claimed exemption, Plaintiff "is free to sell the property, so long as it distributes the proceeds first to the debtor in payment of the [] claimed exemption." Id. (internal citation omitted). This conforms to Supreme Court precedent to the effect that a debtor's exemption cannot "prevent the trustee from selling the underlying asset because that asset's value surpassed the exemption amount, creating additional equity for the bankruptcy estate." Id. at 28 (citing Schwab v. Reilly, 560 U.S. 770, 776 (2010); In re Peirce, 483 B.R. 368, 376 (2012); In re Gebhart, 621 F.3d 1206, 1210 (2010)).

**Conclusion**

For the reasons stated herein, this court is not persuaded by Plaintiff's arguments to apply the trustee's avoidance and preservation powers to an improperly constituted lien under Puerto Rico law. Plaintiff assumes the existence of a lien in favor of Defendant at the time the petition was filed in a jurisdiction where presentation and recordation at the Property Registry are not merely declarative

but rather constitutive of the security interest. Because Plaintiff has not met its burden of showing legal entitlement to judgment, the court is unable to grant the relief sought and, thus, Plaintiff's *Motion for Summary Judgment* is DENIED.

WHEREFORE, IT IS ORDERED that Plaintiff's *Motion for Summary Judgment* shall be, and it hereby is, DENIED. Clerk to enter judgment.

SO ORDERED

San Juan, Puerto Rico, this 24th day of April, 2018.

Brian K. Tester
U.S. Bankruptcy Judge