**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br><br><br>**MORAYMA ROSAS GARCIA**<br><br><br>**Debtor(s)** | **CASE NO. 15-02402 BKT**<br><br>**Chapter 7**<br><br>**Adversary No. 17-00076** |
| **WILFREDO SEGARRA MIRANDA**<br><br>**Plaintiff**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO;**<br>**MORAYMA ROSAS GARCIA**<br><br><br><br>**Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 09/11/2018**</span> |

**<u>OPINION & ORDER</u>**

On April 24, 2018, the court issued an *Opinion and Order* [Dkt. No. 22] denying Plaintiff Chapter 7 Trustee Wilfredo Segarra Miranda's (hereinafter "Trustee") *Motion for Summary Judgment* [Dkt. No. 14]. In sum, the court concluded that it was not persuaded by the Trustee's

1

premise that his "strong arm" powers under 11 U.S.C. § 544(a) vests him with the powers of a bona fide purchaser of real property for value, thereby allowing the Trustee to invalidate unperfected security interests pursuant to 11 U.S.C. § 544(a)(3). The court concluded that the Trustee's arguments to apply his avoidance and preservation powers to an improperly constituted lien under Puerto Rico law where erroneous. Plaintiff presumed the existence of a lien in favor of the Defendants at the time the petition was filed, in a jurisdiction where presentation and recordation at the Property Registry are not merely declarative but rather constitutive of the security interest. Hence, the only shoes the Trustee may step into are those of a creditor who, under local law, failed to constitute a mortgage.

Following the court's opinion, on May 8, 2018, the Trustee filed a timely, unopposed *Motion for Reconsideration of Order Denying Motion for Summary Judgment* [Dkt. No. 26] where he argued that this court failed to follow its own established precedent on this matter:

> In a case substantially the same to the one at bar, this Honorable Court entered an opinion and order adopting the findings of fact and conclusions of law of a chapter 7 trustee and found that a mortgage deed held by a bank over a debtor's property was an avoidable transfer pursuant to 11 U.S.C. §§ 544 and 549 and that the mortgage lien is preserved in favor of the estate as per 11 U.S.C. § 551. In re Brenda Ivelisse Matienzo Lopez, Main Case No. 15-06967-BKT-7, Adv. Case No. 16-00123….

[Dkt. No. 26, pgs. 6-7 paragraphs 15 & 20]

The Trustee posits that the court should reconsider its earlier findings pursuant to Fed. R. Civ. P. 59, made applicable to bankruptcy cases through Fed. R. Bankr. P. 9023, as the ruling is based on manifest errors of fact, law and/or injustice.

2

The case law in the First Circuit is consistent in stating that a reconsideration of a previous ruling is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982).

In conformity with Fed. R. Civ. P. 59(e), a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law". Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

To bolster his argument for reconsideration, the Trustee correctly cites the ruling of this court's previous *Opinion and Order* dated August 23, 2017 [Dkt. No. 42] in Adversary Case number 16-00123, and signals that this court "failed to follow its own established precedent on this matter". In that opinion and order, the court determined that the mortgage deed held by Defendant, Banco Popular de Puerto Rico over Debtor's property was an avoidable transfer pursuant to 11 U.S.C. §§ 544 and 549. In addition, the mortgage lien was preserved in favor of the estate as per 11 U.S.C. § 551. To reach that conclusion, this court relied heavily on the legal reasoning of the chapter 7

3

trustee's *Request for Judgment on the Pleadings* [Dkt. No. 31, Adv. Case No. 16-00123], and its use and interpretation of the findings in DeGiacomo v. Traverse, (In re Traverse) 753 F.3d 19 (1st Cir. 2014).

Since the August 23, 2017 *Opinion and Order* in Adv. Case No. 16-00123, the court has had the opportunity to reconsider the ruling set forth by In re Traverse and its application to Puerto Rico law, and found it to be inapposite.  Although the legal doctrine of "stare decisis" is preferred because it promotes evenhanded, predictable and consistent development of legal principle, the Supreme Court has never felt constrained to follow precedent when the governing decisions are not workable or legally sound. See Vasquez v. Hillery, 474 U.S. 254, 265–266 (1986).

The court is persuaded by the legal reasoning and conclusions arrived at in the case of Segarra v. Susan Schwarz Reitman, Adv. No. 5-00020 (MCF). In that opinion and order, the court, held that the mortgage laws of Massachusetts and Puerto Rico differ in the following manner; Massachusetts subscribes to the "title-theory" of mortgage law, while Puerto Rico adopts the "lien-theory" of mortgage law. Judge Caban determined that the trustee is unable to utilize sections 544 and 551 of the Code because those sections apply when there is an unperfected security interest in property. In sum, under Puerto Rico law an unrecorded mortgage deed is not considered a lien or an unperfected interest in real property – unlike Massachusetts law, which underpins the ruling in Traverse:

> A lender with an unperfected mortgage deed cannot acquire an interest in a property owner's home because, under local law, it has not title or interest to enforce on the residence.  Hence, the Trustee may assert neither an avoidance nor preservation action pursuant to sections 544 and 551, because under local law, no interest—other than Debtor's – exists in property to avoid.  The Trustee cannot gain superior rights to the lender who did not record its mortgage deed in the Property Registry because

4

no lien exists under local law.  Soto-Ríos, 662 F.3d at 118-19.  In Massachusetts, a mortgagor obtains equitable title, or possession, but the mortgagee obtains legal title when a mortgage is executed.  Not so in Puerto Rico.  P.R. Laws Ann. Tit. 30, §2607, as superseded by Act No. 210 of December 8, 2015; P.R. Laws Ann. Tit. 31, §5042.

Segarra v. Susan Schwarz Reitman, Adv. No. 05-00020 (MCF).

Therefore, in light of the change in this court's legal reasoning, the Trustee's *Motion for Reconsideration of Order Denying Motion for Summary Judgment* [Dkt. No. 26] is DENIED.

SO ORDERED

San Juan, Puerto Rico, this 11th day of September, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

5